OPINION
{¶ 1} Atia Williams appeals from her conviction in Montgomery County Common Pleas Court of two counts of endangering children. Her convictions resulted from her burning her thirteen month old twins with an iron. The trial court imposed two concurrent six year sentences upon Ms. Williams.
 {¶ 2} In her first assignment of error, Ms. Williams contends the trial court erred in imposing more than the minimum sentence upon her without making the appropriate findings required by R.C. 2929.14(B).
 {¶ 3} The trial court made the following remarks at Ms. Williams sentencing:
 {¶ 4} "From reviewing the circumstances of this case and in particular the photographs, even though you entered an Alford plea, it is apparent to me that these burns were not caused accidentally, they were not caused accidentally by another child of yours.
 {¶ 5} "That being the case, it is difficult for the Court to imagine, other than that perhaps there is something wrong with the manner in which you were dealing with your children, how this could happen or how this could be done.
 {¶ 6} "The Court finds that this is a more serious offense because the physical and mental — mental injury suffered by the victims of these — this abuse caused serious burns to two thirteen-month-old twins. Furthermore, that this is a more serious offense because they suffered serious physical, psychological and eco — and harm — serious physical and psychological harm because they suffered burns about their bodies, including one of the children at least had third-degree burns.
 {¶ 7} "Also the relationship that you had with these children, being their mother, facilitated the offense.
 {¶ 8} "I don't find that there are any items in the Ohio Revised Code 2929.12 that make this a less serious offense. * * *" (Sent. Tr. 3-4). (Emphasis ours).
 {¶ 9} R.C. 2929.14(B) provides the trial court shall impose the shortest prison term authorized for the offense unless the offender previously served a prison term or the court finds the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 10} The State argues that the trial court substantially complied with R.C. 2929.14(B) because in noting that the offenses were more serious it implicitly found that the shortest prison terms would demean the seriousness of the offender's conduct.
 {¶ 11} In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court held that R.C. 2929.14(B) does not require that the trial court give its reasons for its findings that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. Although the court stated that the court need not give the reasons for its findings it did unequivocally state the court must make findings pursuant to R.C. 2929.14(B). Justice Cook stated the following:
 {¶ 12} "Although one or more of the remarks by the trial court might be argued to support a finding that the three-year minimum sentence would demean the seriousness of Edmonson's conduct or that the public would not be adequately protected from his future crime, the trial court did not specify either of these reasons listed in R.C. 2929.14(B) as supporting its deviation from the minimum sentence of three years. With this record, there is no confirmation that the court first considered imposing the minimum three-year sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons. Accordingly, we agree with the judgment of the court of appeals vacating the trial court's sentence and remanding this cause to the trial court for resentencing."
 {¶ 13} In this case, the trial court made no reference to R.C.2929.14(B) but merely referred to the seriousness factors of R.C. 2929.12. While the trial court may likely reimpose the same sentences upon remand, we cannot say the court complied with its responsibilities under R.C. 2929.14(B). The first assignment of error is sustained.
 {¶ 14} In her second assignment Ms. Williams contends her sentence was not supported by the record. In particularly, she argues that the sentence imposed by the court was not in accord with the statutory mandates of R.C. 2929.11 and 2929.12. She notes that she maintained her innocence by entering an Alford plea, that these convictions were her first, and that there was no likelihood of her reoffending in that she was unlikely to be reunited with her children.
 {¶ 15} As we mentioned earlier, the trial court noted that Ms. Williams' offenses were more serious than conduct normally constituting the offense as provided in R.C. 2929.12.
 {¶ 16} R.C. 2929.12(B)(1) provides that an offender's conduct is deemed more serious than conduct normally constituting the offense if "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim." The trial court found this factor satisfied, as the record shows that appellant's victims were only 13-months old at the time she repeatedly burned them with a clothes iron. The record also shows that the physical harm to the children was likely exacerbated by the five to six-day delay in the treatment of their wounds, which resulted from appellant's refusal to seek medical treatment for them.
 {¶ 17} R.C. 2929.12(B)(2) also provides that an offender's conduct is deemed more serious than conduct normally constituting the offense if "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." The trial court found this factor satisfied as well as the court noted that the injuries suffered by the 13-month-old twins included multiple second and third-degree burns to the babies' legs, arms, faces, chests and backs. The seriousness of the injuries is also illustrated by the need for the babies to be treated in the intensive care unit and by the permanent scarring they will suffer as a result of the burns.
 {¶ 18} Third, R.C. 2929.12(B)(6) provides that an offender's conduct is deemed more serious than conduct normally constituting the offense if "[t]he offender's relationship with the victim facilitated the offense." Appellant admits that she is the children's mother, and the trial court acknowledged appellant's relationship to the victims as being one of the factors it considered in imposing the particular sentence it did.
 {¶ 19} R.C. 2929.11 provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of protecting the public from future crime and in punishing the offender.
 {¶ 20} We have carefully reviewed the record and we find that the trial court appropriately considered the statutory sentencing factors and we find no abuse of discretion present in the sentence imposed. The defendant could have received a maximum consecutive sentence of sixteen years. She received a concurrent six year sentence. The second assignment of error is overruled.
 {¶ 21} The judgment of the trial court is Reversed and Remanded for resentencing.
WOLFF, P.J., and GRADY, J., concur.